# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| COLTON S. BURKS,   )   <br>   )  <br>   Plaintiff,   )  <br>   )  <br> v.   )   Case No. 1:19-cv-01709-ACA-HNJ  <br>   )  <br> CALHOUN COUNTY JAIL NURSE   )  <br> STAFF, et al.,   )  <br>   )  <br>   Defendants.   ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The plaintiff, a prisoner in the Calhoun County Jail, filed a *pro se* complaint on the forms normally utilized by prisoners seeking damages or injunctive relief under 42 U.S.C. § 1983. The complaint includes, *inter alia*, an allegation that the plaintiff is not receiving his HIV medications, which is causing his physical condition to deteriorate, including an inability to keep food down, vomiting, and blood in his stool. (Doc. 1 at 4). As part of his requested relief, he states "I want my medications immediately." (*Id.*).

Although this matter has not proceeded beyond the initial review stage, the court construed the plaintiff's pleading as a motion for preliminary injunctive relief and deemed it appropriate to request a response from the appropriate official at the jail. Accordingly, the court ordered the Calhoun County Sheriff, Matthew Wade, and the individual serving as the Calhoun County Jail's Chief Medical Officer to file within ten

days a preliminary special report addressing the plaintiff's claim that he is in danger from failing to receive his HIV medications.

## BACKGROUND

On October 31, 2019, Southern Health Partners, Inc. (SHP) submitted a preliminary special report (doc. 7) addressing the claims asserted in the plaintiff's motion. The report includes the affidavit of Leslie Nicole Stewart, LPN, who is employed by SHP and is the Medical Team Administrator at the Calhoun County Jail. Nurse Stewart testifies that the plaintiff was booked into the Calhoun County Jail on September 16, 2019, under the name of "Colton Ranson," with a birth date of September 21, 1994. (Doc. 7-1 at 4). The plaintiff informed the intake Nurse that he had prescriptions filled at Walgreens in Atlanta, but that he had been off his medications for a month. (*Id.* at ¶8). However, when a jail nurse contacted Walgreens to verify the plaintiff's prescriptions, a representative informed her that Walgreens had no record of anyone under that name and date of birth. (*Id.* at 5, ¶11). On September 25, 2019, the Sheriff's Department contacted the plaintiff's mother who relayed that his real name was Colton Suede Burks. (*Id.* at 6, ¶14).[1]

The next day, based on information given by the plaintiff, Nurse Stewart contacted AIDS Atlanta and Emory Hospital to obtain his medical records, yet Stewart received a reply from both that the plaintiff had not been a patient at their facility. (*Id.*

---

[1] The plaintiff also informed the nursing staff that his correct date of birth was October 21, 1993. (Doc. 7-1 at 6, ¶15).

at 6-7, ¶16-17). Additionally, Walgreens in Atlanta, when provided with the plaintiff's real name and date of birth, stated he had not received medications from their pharmacy since May 2019. (*Id.* at 7, ¶18).

Appropriate personnel scheduled an October 17, 2019, appointment for plaintiff to be seen at Health Services Center in Anniston, Alabama, a medical clinic which provides HIV/AIDS medical care. (Doc. 7-1 at 8-9). Personnel transported plaintiff to the clinic on that date, where medical personnel prescribed him Biktarvy, an antiviral medication for HIV/AIDS patients, and Ensure. (*Id.* at 11, ¶35). The plaintiff has been receiving the medication since October 19, 2019. (*Id.* at ¶37).

## ANALYSIS

A temporary restraining order or preliminary injunction is "an extraordinary and drastic remedy" the grant of which "is the exception rather than the rule." *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983). Preliminary injunctive relief is appropriate only when the moving party establishes 1) that he has a substantial likelihood of success on the merits; 2) that irreparable injury will occur absent the issuance of injunctive relief; 3) that the threatened injury to the moving party outweighs whatever damage the injunction would cause the opposing party; and 4) the public interest would not be harmed by the injunction. *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983). It is therefore incumbent upon the plaintiff to provide specific facts which show he faces imminent and irreparable injury absent this court's intervention. He has failed to meet this burden.

Although it is conceded that the plaintiff suffers from HIV, the record indicates that he has now begun receiving medications for that condition. Furthermore, it is evident that any delay in receiving those medications is due on large part because the plaintiff provided false personal information during the booking process. The jail is not satisfying plaintiff's request that he receive his HIV medication.

The plaintiff has standing to seek preliminary injunctive relief only when the danger to him is "real and immediate," as opposed to merely conjectural or hypothetical. *Shotz v. Cates*, 256 F.3d 1077 (11th Cir. 2001). The record presently before the court fails to establish an immediate need for the court's intervention, as there is no evidence of irreparable injury in the absence thereof. Furthermore, the ongoing care received by the plaintiff demonstrates he is unlikely to succeed on the merits of an Eighth Amendment claim.

## RECOMMENDATION

Pursuant to the foregoing, the magistrate judge recommends the plaintiff's motion for preliminary injunctive relief, as construed in the complaint, (doc. 1 at 4), be **DENIED**.

## NOTICE OF RIGHT TO OBJECT

Any party may file specific written objections to this report and recommendation. A party must file any objections with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered.

4

Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting. Objections also should specifically identify all claims or assertions contained in the Motion for Emergency and Immediate Intervention, (doc. 5), or the preliminary special report, (doc. 9), that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order. In the absence of a proper objection, however, the court may review on appeal for plain error the un-objected- to factual and legal conclusions if necessary in the interests of justice. 11th Cir. R. 3-1.

On receipt of objections, a United States District Judge will review de novo those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the undersigned's findings of fact and recommendations. The district judge also may refer this action back to the undersigned with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may only appeal from a final judgment entered by a district judge.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the plaintiff and upon counsel of record.

**DONE** this 12th day of November, 2019.

_____
HERMAN      N.      JOHNSON,    JR.
UNITED STATES MAGISTRATE JUDGE